Battle, J.
 

 We agree with his Honor that, after the defendant had appeared and pleaded, it was too late for him to object to the validity of the attachment, on account of the errors specified, which were, that it had no date and was defective in omitting to say “ at a Court to be held for the county of Davidson, at the court-house in Lexington, on the 2nd Monday in February
 
 next.”
 

 A defendant may come into Court without process, and confess a judgment,
 
 (Farley
 
 v. Lea, 4 Dev. and Bat. Rep. 169,) and we cannot perceive any reason why he may not come in, in the same way, and accept the plaintiffs’ declaration and plead to it. If this be so, why may he not appear and plead upon defective process
 
 %
 
 The main object of the leading process is to bring the defendant into Court, and if he do not choose to object
 
 in Umine to
 
 the manner in which
 
 *243
 
 be has been brought in, it would be wrong to allow him to do so after he has, by his acts, admitted himself to be there, ready to defend himself against the plaintiffs’ action. The case of
 
 Houston
 
 v. Porter, 10 Ire. Rep. 174, referred to by the defendant’s counsel, cannot avail him, because there, the defendant in the attachment did not appear, and the objection was talien by the person who was summoned as garnishee. The same may be said of the cases of
 
 Washington
 
 v.
 
 Saunders, 2
 
 Dev. Rep. 243, and
 
 Clark
 
 v.
 
 Quinn, 5
 
 Ire. Rep. 175, in which the objections were taken by competing creditors. In
 
 Washington
 
 v. Saunders, it is expressly said by the Court that “ the appearance of the defendant will cure many defects.” In the present case, the defects related, altogether, to the time and place of appearance, by which it is manifest that the defendant was not at all prej udieed, because he did appear at the proper time and place, and acted just as he would have done had the writ of attachment been in all things perfect. Surely, after having done this, he ought not to be allowed to retrace his steps for the purpose of making an objection to a process, which, as to him, is
 
 functus offioio.
 

 The interlocutory order from ■ which the appeal was taken is affirmed, and this must be certified as the law directs.
 

 Pee Cubiam- The judgment is affirmed.